IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STATE OF ARKANSAS, ex rel.
TIM GRIFFIN, ATTORNEY GENERAL                                    PLAINTIFF


v.                               Case No. 1:23-cv-01038


TIKTOK INC., TIKTOK PTE. LTD.,
BYTEDANCE INC., and BYTEDANCE
LTD.
                                                              DEFENDANTS

## ORDER

Before the Court is Plaintiff the State of Arkansas's (the State) Motion to Remand to the Circuit Court of Union County, Arkansas.  ECF No. 23.  Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Inc., and ByteDance Ltd.'s (collectively, TikTok) have responded.  ECF No. 25. The State has filed a reply to TikTok's response in opposition of the State's motion to remand. ECF No. 31.

TikTok has also filed a Motion for Oral Argument.  ECF No. 26.  The State has filed a response in support of TikTok's Motion for Oral Argument.  ECF No. 28.  The matters are ripe for the Court's consideration.

## I. BACKGROUND

On March 28, 2023, the State filed the instant action in the Circuit Court of Union County, Arkansas.  ECF No. 3.  The State brings seven (7) claims, all of which arise under the Arkansas Deceptive Trade Practices Act.  ECF No. 3.  More specifically, the State alleges that TikTok violated the Arkansas Deceptive Trade Practices Act by:

- "[D]eceiving Arkansas consumers . . . about the risk of the Chinese Government and Communist Part accessing and exploiting their data" (**Count I**);

- "[K]nowingly paint[ing] a false and deceptive picture for Arkansas consumers, namely that there is little to no risk of the Chinese Government or Communist Party . . . accessing and exploiting their data" (**Count II**);

- "[F]ailing to 'alert Arkansas consumers to the fact that it may share their data with entities and individuals in China, who are subject to Chinese Law,'" in its privacy policy (**Count III**);

- "[N]ot disclosing to consumers in TikTok's recent or current U.S. privacy policy, . . . the fact that it may share their data with entities and individuals in China, who are subject to Chinese Law" (**Count IV**);

- Not alerting "Arkansas consumers to the fact that it may share their data with entities and individuals in China, who are subject to Chinese laws that expose their data to the Chinese government and communist party" (**Count V**);

- "[N]ot disclosing to consumers in its recent or current U.S. privacy policy, . . . that it may share their data with entities and individuals in China" (**Count VI**); and

- Claiming that Separate Defendant TikTok is independent from Separate Defendant ByteDance "when any reasonable person would understand . . . ByteDance's influence and direction over TikTok hiring[] employees, and management shows that ByteDance exercises significant control over TikTok" (**Count VII**).

ECF No. 3, at 54-60. The State seeks a declaration "that TikTok's actions are deceptive and unconscionable," an injunction preventing TikTok "from continuing to treat Arkansas consumers unconscionably and deceptively," and an award of "civil penalties of not more than ten thousand dollars per violation" and "costs incurred in investigating and pursuing this action." ECF No. 3, at 61.

On May 9, 2023, TikTok removed the action to the United States District Court for the Western District of Arkansas. ECF No. 2. TikTok then filed a motion for a stay. *See* ECF No. 6. TikTok explained that the State would file a motion to remand and requested additional time to answer the State's complaint pending resolution of that remand motion. ECF No. 6. On May 15, 2023, the Court granted TikTok's motion to stay, requiring the State to file any motion seeking remand on or before Thursday, June 8, 2023, and providing that "if the Court denies [the State's]

motion for remand, then [the State] will have thirty (30) days to amend its complaint, and [TikTok] will then have thirty (30) days after the filing of any amended complaint to file [its] responsive pleadings."  ECF No. 7, at 2.

On June 8, 2023, the State timely filed the instant motion to remand.  ECF No. 23.  The State contends that remand to the Circuit Court of Union County is appropriate because its claims arise exclusively under Arkansas law.  In the State's view, the only issue is "whether the Arkansas Deceptive Trade Practices Act allows TikTok to continue lying to Arkansas consumers about what happens with their data."  ECF No. 24, at 8.  The State argues that "how the federal government addresses the security risks posed by the disclosure of Americans' private data to the Chinese Government has no bearing on the question of whether an American company's statements about such disclosure violate the Arkansas Deceptive Trade Practices Act."  ECF No. 24, at 11.

TikTok responds, arguing that the matter is properly in federal court.  ECF No. 25.  TikTok emphasizes the current relationship between Separate Defendant Tik Tok, Separate Defendant ByteDance, China, and the United States and argues that because the State's claims touch upon matters of national importance (namely, national security and foreign relations), remand is not appropriate.  *See* ECF No. 25, at 8 (arguing that the instant action is "an extraordinary attempt by the State to regulate sensitive issues of national security and foreign affairs").  TikTok provides the Court with a detailed history of the relationship between TikTok and the United States, citing recent litigation and executive orders, as well as negotiations that either occurred in the recent past or that are ongoing.  TikTok identifies the Committee on Foreign Investment in the United States (CFIUS), which has, while acting on behalf of the executive branch, been investigating TikTok's use of American data and TikTok's relationship with China.  *See* 50 U.S.C. § 4565 (establishing CFIUS).  For example, TikTok explains that in 2017, Defendant ByteDance acquired Musical.ly,

which TikTok describes as "a China-headquartered company that distributed a video-sharing application also called Musical.ly." ECF No. 25, at 10. Since then, "the federal government has been conducting a years-long investigation of the purported risk of Chinese access to U.S. TikTok user data through the [CFIUS]." *See* ECF No. 25, at 10. According to TikTok, it has "proposed a number of strategies [to the United States government] to mitigate any purported national security risks," and negotiations between TikTok and the United States government regarding possible mitigation strategies are ongoing. ECF No. 25, at 10-11.[1]

The State has replied. *See* ECF No. 31. The State argues that federal jurisdiction, when not based on diversity jurisdiction, requires a question of federal law, which TikTok has not identified. The question that *is* identified by TikTok—"whether TikTok has deceived consumers about the risk that the Chinese Government will access their personal information"—is one of fact, not law. *See* ECF No. 31, at 5. The State also disagrees with TikTok's contention that this action constitutes a collateral attack on ongoing federal court proceedings. ECF No. 31, at 10 ("This suit is also not a 'collateral attack on the federal court proceedings resulting from President Trump's [International Emergency Economic Powers Act] order,' which was previously enjoined." ECF No. 31, at 10 (citation omitted)). Specifically, the State maintains that the proceedings in the United States District Court for the District of Columbia, which TikTok references in its response, have since been dismissed. ECF No. 31, at 10 (noting that the executive branch has withdrawn

---

[1]According to TikTok, former President Donald Trump ordered Defendant ByteDance to divest itself of Defendant TikTok, and that order is currently "subject to a pending petition for review in the U.S. Court of Appeals for the District of Columbia Circuit, which has original and exclusive jurisdiction to hear challenges to CFIUS proceedings and orders." ECF No. 25, at 11. TikTok further represents that former President Trump signed an executive order dated August 6, 2020 which prohibited transactions between any person in the United States's jurisdiction and Defendant ByteDance or its subsidiaries. Later that year, the United States Secretary of Commerce issued a document implementing the August 6 executive order and prohibiting transactions between persons in the United States and Defendant ByteDance or its subsidiaries. TikTok explains that the United States District Court for the District of Columbia has since "entered two preliminary injunctions preventing those prohibitions from going into effect." ECF No. 25, at 12.

President Trump's order and the corresponding federal court suits have been dismissed by stipulation).  The State states that it is *not* asking the Court "to manage relations between China and the United States or to 'second-guess the federal government's assessment of the nature and degree of any national security threat from China via-a-vis TikTok.'"  ECF No. 31, at 5.  Instead, it is asking for relief which would require TikTok to "provid[e] truthful information to Arkansas consumers."  ECF No. 31, at 10.[2]  Both parties request a hearing on the matter of remand.  ECF Nos. 26, 28.

## II. MOTION TO REMAND

The parties have provided the Court with extensive briefing on the matter, and their arguments are supported by extensive caselaw.  Despite this, the question before the Court is a novel and difficult one.  Upon careful consideration and for the following reasons, the Court finds that remand is appropriate.

Federal courts are courts of limited jurisdiction.  *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013).  "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990).  "[A] defendant may remove a case filed in state court to federal court."  *In re Cotter Corp.*, 22 F.4th 788, 791-92 (8th Cir. 2022).  The burden of establishing federal subject matter jurisdiction rests on the removing party.  *Bowler v. Alliedbarton Sec. Servs.*, LLC, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. Aug. 12, 2015).  Here, TikTok cited 28 U.S.C. § 1331 in its notice of removal, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[2]The State contends that the United States government "could continue investigating the risks of the Chinese Government's access to TikTok's U.S.-user data and negotiating with TikTok for protections of U.S.-user data, both while this action proceeds and after TikTok is enjoined from deceiving Arkansas consumers."  ECF No. 31, at 10 n.1.

Following removal, a plaintiff may then "file 'a motion to remand the case on the basis of any defect.'" *In re Cotter Corp.*, 22 F.4th 788, 791-92 (quoting 28 U.S.C. § 1447(c)). "Removal statutes are strictly construed in favor of state court jurisdiction," meaning that the Court "must resolve all doubts concerning removal in favor of remand." *Stone v. Baxter Int't, Inc.*, No. 4:08-cv-3201, 2009 WL 236116, at *5 (D. Neb. Jan. 30, 2009).

### A. Well-Pleaded Complaint Rule

Pursuant to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *James Valley Coop. Tel. Co. v. S.D. Network, LLC*, 292 F. Supp. 3d 938, 944 (D.S.D. Nov. 13, 2017) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). Instead, "'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well-pleaded . . . claims'" will a case be removable. *EFCO Corp. v. Iowa Ass'n of Bus. & Indus.*, 447 F. Supp. 2d 985, 992-93 (S.D. Iowa Aug. 23, 2006) (alteration in original) (citation omitted); see *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (considering the language of § 1331 and explaining that the phrase "arising under" means that the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law'" (citations omitted)).

"[T]he plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." *Moore v. Kansas City Pub. Schs.*, 828 F.3d 687, 692 (8th Cir.

6

2016) (alteration in original) (citation omitted); *cf. Minn. by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 709 (8th Cir. 2023) ("But 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.'" (citation omitted)); *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) ("[C]ourts will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum . . . ." (alteration in original) (citation omitted)).  The Eighth Circuit, relying on Supreme Court precedent, has explained that:

> Because this well-pleaded complaint rule "makes the plaintiff the master of the claim[, the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law." Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." It is firmly established that a federal defense, including a preemption defense, does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case."

*Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (alteration in original) (citations omitted).

The Court begins with the plain text of the State's complaint, the obvious starting point under the well-pleaded complaint rule.  *See Caterpillar Inc.*, 482 U.S. at 392.  The State's complaint is sixty-two (62) pages in length, with only seven (7) of those pages setting forth the State's claims against TikTok.  The other fifty-five (55) pages are ostensibly what inspired TikTok to remove this action to federal court, as the State dedicates much of its complaint to highlighting the alleged national importance of this action.  For example, the State asserts that "[t]here is a very real and serious bipartisan concern across the U.S. government and in many states that the Chinese Government and/or Communist Party may access TikTok's U.S. content and user data."  ECF No. 3, at 25.  Although TikTok seizes upon language like this in support of its argument that the matter is properly in federal court, the State's posturing does not necessarily mean that this Court has

subject matter jurisdiction.[3]

Setting aside the State's primarily political arguments regarding the national "bipartisan concern," the Court finds that the complaint does not contain any claim "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Each of the State's claims are carefully pled pursuant to Arkansas law, and the State specifically disclaims any contention that its claims are brought pursuant to federal law. *See* ECF No. 3. Pleading its claims in this manner is within the State's prerogative, as the State is the master of its own complaint. *Moore*, 828 F.3d at 692 (citation omitted). Therefore, because the face of the State's complaint does not expressly bring any cause of action under federal law, the Court must turn to TikTok's arguments that federal jurisdiction is nevertheless appropriate.[4]

### B. *Grable* Doctrine

The heart of the parties' disagreement is whether the *Grable* doctrine applies. The Supreme Court has recognized an exception to the well-pleaded complaint rule in which federal-question jurisdiction may exist despite the fact that the face of the plaintiff's complaint contains only state-law claims, as the state law claims "nonetheless turn on substantial questions of federal law." *Minn. By Ellison*, 63 F.4th at 711 (quoting *Grable and Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). This exception, commonly referred to as the *Grable* doctrine, allows a federal court to "treat the claims as arising under federal law even though state law creates the cause of action." *Id.* However, this exception is only applicable in limited circumstances. *See,*

---

[3]Much like here, in *Indiana v. TikTok, Inc.*, the district court distinguished between political posturing and the substantive claims asserted. *See* 2023 WL 3596360, at *1. The district court found that remand to state court was appropriate, stating in part that "[h]ad [the state-plaintiff] filed [a] short and plain statement of its claim, this case would have stayed in [state court] where it was filed. But since more than 90% of the complaint was devoted to irrelevant posturing, [TikTok] removed the case . . . ." *Id.*

[4]To the extent that TikTok argues that the face of the State's complaint contains claims arising under federal law, that argument is weak at best and absent at worst. The parties seem to agree that the complaint, on its face, contains only state-law claims.

*e.g.*, *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 699 (referring to a "special and small category" of cases); *Cooper Clinic, P.A. v. Mercy Clinic Fort Smith Cmtys.*, No. 2:14-cv-02233, 2015 WL 437571, at *1 (W.D. Ark. Feb. 3, 2015) (referring to a "'slim category' of federal jurisdiction" with "unruly" case law (citation omitted)).

*Grable* set forth a four-element test, which asks whether "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Minn. by Ellison*, 63 F.4th at 711 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).  The Eighth Circuit recently explained that a claim is "necessarily raised" (and the first *Grable* element is satisfied) "when it 'is a necessary element of one of the well-pleaded state claims' in the plaintiffs' complaint." *Id.*  If all four elements are satisfied, then "the case is removable although no federal question appears on the face of the complaint." *Id.* at 709.  The *Grable* analysis requires precision, and "[a] removing defendant 'should be able to point to the specific elements of [the plaintiff's] state law claims' that require proof under federal law." *Id.* at 711 (alteration in original) (citation omitted).

According to the Eighth Circuit, "[t]he best example" of when *Grable* is applicable "is *Grable* itself." *Id.*  In *Grable*, the plaintiff filed a quiet title claim in state court following the IRS's seizure and sale of the plaintiff's property.  In his complaint, the plaintiff "pled a purely state-law claim," but the determinative question before the district court was "whether the IRS had valid title over the property," a question which "depended entirely on whether the IRS followed . . . federal notice requirements." *Id.* at 711; *see also Grable*, 545 U.S. at 315-16.  In finding that federal subject matter jurisdiction existed, the Supreme Court noted that *Grable*'s outcome would have far-reaching consequences, settling a legal question "once and for all" and "thereafter . . . govern[ing] numerous tax sale cases." *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700

9

(citation omitted). *Grable* does not encompass actions in which the United States simply has an interest in that action. *See id.* at 701 (recognizing that although "[t]he United States no doubt 'ha[d] an overwhelming interest'" in the subject matter being litigated, "it takes more than a federal element 'to open the "arising under" door'" (citation omitted)). In sum, the Court must determine whether the State's claims, which are brought pursuant to state law, "nonetheless turn on substantial questions of federal law." *Minn. by Ellison*, 63 F.4th at 711 (quoting *Grable*, 545 U.S. at 312).

Because the State brings its claims pursuant to the Arkansas Deceptive Trade Practices Act, the Court looks to that statute to ascertain what the State is required to prove. "The Arkansas Deceptive Trade Practices Act . . . focuses on consumer protection in connection with trade practices. The Act makes '[e]ngaging in any . . . unconscionable, false, or deceptive act or practice in business, commerce, or trade . . .' unlawful." *Independence Cnty. v. Pfizer, Inc.*, 534 F. Supp. 2d 882, 886 (E.D. Ark. Feb. 11, 2008) (second, third, and fourth alterations in original) (citation omitted). The Act's purpose is to "protect[] consumers from unfair ways of doing business." *Id.* at 887. "Enforcement rests largely with the Attorney General, Ark. Code Ann. § 4-88-113(a)-(e)." *Leato v. W. Union Holdings, Inc.*, No. 5:19-cv-05029, 2019 WL 1051190, at *3 (W.D. Ark. Mar. 5, 2019). To succeed on its claims, the State must demonstrate the following: "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect; and (2) injury resulting from such act." *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 384 S.W.3d 540, 552 (Ark. Ct. App. May 11, 2011).

TikTok alleges that *Grable* applies here because the State will, as an essential element of its claims, need to prove "the falsity of [TikTok's] alleged statements about the Chinese Government's ability to access and exploit TikTok user data." ECF No. 25, at 13. However,

TikTok does not direct the Court to a specific element of the State's claims that "turn[s] on substantial questions of federal law." *Minn. by Ellison*, 63 F.4th at 711 (quoting *Grable*, 545 U.S. at 312). Stated differently, although TikTok asserts variations of the argument that "federal jurisdiction is necessary to ensure that a state cannot use its laws and courts to supplant or supplement this country's national security and foreign policy determinations," ECF No. 25, at 20, TikTok never identifies **which** federal law is at play here. Simply alleging that "this country's national security and foreign policy determinations" are at-issue is not sufficient to warrant the application of *Grable*. The Court makes this determination with the understanding that *Grable* applies in rare circumstances, *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 699, and that the Court "must resolve all doubts concerning removal in favor of remand," *Stone*, 2009 WL 236116, at *5.

Before concluding, the Court looks to guidance from other federal courts. In support of its motion to remand, the State relies extensively on *Indiana v. TikTok Inc.* *See* 2023 WL 3596360. Although *Indiana v. Tik Tok, Inc.* is not binding on this Court, it is factually similar, and the Court finds that it is persuasive here. In that case, the State of Indiana brought state-law consumer protection claims against TikTok and sought an injunction like that which the State seeks here. After TikTok removed the action to federal court, the State of Indiana filed a motion seeking remand. In support of its argument that the action was properly in federal court, TikTok "claim[ed] that a federal issue [was] necessarily stated and disputed" due to the issue of "the Chinese Government's access to TikTok user data and ability to exploit that user data." *Id.* at *2.[5] TikTok further argued that any state-court proceeding would disrupt CFIUS's ongoing investigation and

---

[5]More specifically, TikTok argued that "the Court would need to determine whether the Chinese Government will 'access and exploit' user information to 'help develop artificial intelligence technologies and assist Chinas in espionage efforts." *Id.* at *4.

negotiations.

The district court found that it lacked subject matter jurisdiction and granted remand.  The district court disagreed "that potential espionage has anything to do with [the State of] Indiana's claim" because "the State of Indiana needed only "prove that [TikTok] committed 'an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction' as that is defined in Indiana Code." *Id.* at *4; Ind. Code § 24-5-0.5-3(a).  It further found that the State of Indiana's claims did not constitute a collateral attack on CFIUS's actions.  The district court "fail[ed] to see how anything determined [in the matter] could affect the outcome of the CFIUS proceedings" because those proceedings are "forward-looking," meaning that "they will address how [TikTok] can mitigate national security issues going forward, while the State of Indiana's claims sought "to address alleged misrepresentations that have already occurred." *Indiana v. TikTok, Inc.,* 2023 WL 3596360, at *4.  Finally, the district court stated that "'[a] judicial determination that [TikTok Inc.] failed to make a complete disclosure of their data handling practices, or that they did fully disclose those practices . . . 'will be neither here nor there to CFIUS's evaluation of the privacy risks posed by the TikTok app.'" ECF No. 31, at 7 (alteration in original) (quoting *Indiana v. TikTok*, *Inc.*, 2023 WL 3596360, at *4).

Numerous other federal courts have found that *Grable* does not apply where the party advocating for federal court jurisdiction simply identified a generalized federal interest.  For example, in *Stout v. Novartis Pharmaceutical Corp.*, the district court found that *Grable* was inapplicable because the defendants merely recognized "some generalized dispute" touching upon federal law rather than "identify[ing] any actual dispute respecting the interpretation of federal law." *See* Nos. 08-856, 07-2774, 09-0095, 09-916, 07-1657, 07-655, 2009 WL 4576130, at *4 (D.N.J. Nov. 30, 2009).  In *Pennsylvania v. Eli Lilly & Co.*, the district court found that *Grable*

was inapplicable where "liability under the state law claims presented . . . [did] not depend on the violation of any federal standard or statute," despite the fact the state statute incorporated a federally created definition.  *See* 511 F. Supp. 2d 576, 581 (E.D. Penn. June 27, 2007).  It is helpful to contrast these decisions with instances in which *Grable* did apply, like in *Wullschleger v. Royal Canine U.S.A., Inc.  See* 953 F.3d 519, 522 (8th Cir. 2020) (finding *Grable* applicable where "plaintiffs explicitly claim[ed] that defendants violated the [Food Drug and Cosmetic Act], were non-compliant with [United States Food and Drug Administration (FDA)] guidance, and that [the defendants'] refusal to submit the prescription pet food to FDA review was improper").

Here, TikTok cites several generalized interests that the federal government allegedly has in TikTok's relationship with the United States and its citizens.  However, this is insufficient to warrant the application of *Grable*.  *See, e.g.*, *Stout*, 2009 WL 4576130, at *4.  TikTok's liability under the Arkansas Deceptive Trade and Practices Act does not depend on any federal standard or statute.  Stated differently, no federal issue is necessarily raised by the State's claims, and the first element of *Grable* is not satisfied.  *See Minn. by Ellison*, 63 F.4th at 711.  For these reasons, the Court finds that *Grable* is inapplicable here.

### C. Federal Common Law

TikTok alternatively argues that this Court has jurisdiction because the State's claims arise under federal common law.   That is, because the federal government has an interest in uniformity on matters of foreign affairs and national security and because the federal government has exclusive control over national security, the State's claims are of the sort appropriate for a federal court's consideration.  *See* ECF No. 25, at 25-29.

In addition to cases arising under federal positive law, federal courts also have jurisdiction over 'claims founded upon federal common law.'"  *Minn. by Ellison*, 63 F.4th at 709 (citation

omitted).  "[A]bsent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases."  *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981).

Although TikTok does not characterize it as such, TikTok's federal common law argument is, essentially, a complete preemption argument.  *See Minn. by Ellison*, 63 F.4th at 709-10 (considering "federal common law" within the context of complete preemption).  That is, where Congress intends for federal law to "preempt a field of law so completely," then any corresponding "state law claims are considered to be converted into federal causes of action." *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996).[6]  Where "[t]here is no substitute federal cause of action for the state-law causes of action [that the state-plaintiff] brings, . . . [the Eighth Circuit] appl[ies] the strong presumption *against* complete preemption."  *Minn. by Ellison*, 63 F.4th at 710 (emphasis added).

Here, as discussed above, TikTok does not direct the Court to any federal law on which the State's claims turn.  *See supra* Section II.B.  It follows that TikTok also does not identify any area of federal law that covers the subject matter of the State's claims "so completely" that those claims must be "converted into federal causes of action."  *See Gaming Corp. of Am.*, 88 F.3d at 543.  This is fatal to TikTok's federal common law argument.  *See Minn. by Ellison*, 63 F.4th at 710 ("Because Congress has not acted, the presence of federal common law here does not express Congressional intent of any kind—much less intent to completely displace any particular state-law

---

[6]The doctrine of preemption is extensive and complex, and the Court need not wade into its murky waters, especially where the party advocating for its application—here, TikTok—does not discuss the doctrine of preemption at all. Accordingly, the Court simply notes that the nature of TikTok's argument is one of preemption.

claim.").

The Court again considers *Indiana v. TikTok, Inc.*  *See* 2023 WL 3596369.  There, the district court rejected TikTok's argument that federal common law gave rise to federal jurisdiction, explaining that because "the Court [could find] no fundamental federal issue" at play, the State of Indiana's consumer protection claims did not "implicate[] any of the 'narrow areas' in which federal common law exists."  *Id.*  Similarly, here, TikTok provides nothing demonstrating that the State's claims fall within one "of the 'narrow areas' in which federal common law exists."  *Id.*  Accordingly, the Court declines to exercise subject matter jurisdiction based on TikTok's federal common law argument.

### III. MOTION FOR ORAL ARGUMENT

Finally, the Court chooses to resolve the State's motion to remand on the parties' briefing, and oral arguments at a motion's hearing is unnecessary.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *see also Rouse v. Caruso*, No. 06-10961, 2007 WL 5528385, at *1 (E.D. Mich. Apr. 17, 2007) ("[T]here is no requirement that the Court . . . hold oral arguments on motions.").  Accordingly, the Court finds that TikTok's motion for oral argument (ECF No. 26) should be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that the State's motion to remand (ECF No. 23) should be and hereby is **GRANTED**.  Having resolved the State's remand motion on the parties' briefings, TikTok's motion for leave to present oral argument (ECF No. 26) is **DENIED**.  This matter is immediately **REMANDED** to the Circuit Court of Union County, Arkansas.

**IT IS SO ORDERED**, this 25th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge